**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————X
                                                              :
EILEEN GREENE, on behalf of herself and all        :
others similarly situated,                                 :
                                                              :
                   Plaintiff,         :   Civil Action No.
                                                              :
vs.                                                           :   **CLASS ACTION COMPLAINT AND**
                                                              :   **JURY TRIAL DEMAND**
MIDLAND CREDIT MANAGEMENT, INC.          :
                                                              :
                Defendant.       :
                                                              :
——————————————————— X

Plaintiff EILEEN GREENE, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant MIDLAND CREDIT MANAGEMENT, INC., its  employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.     Plaintiff demands a jury trial on all issues.

## PARTIES

6.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.     Plaintiff is a natural person and resident of Essex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Based upon information and belief, Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant") is a California corporation with its principle place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

8.      Based upon information and belief, each Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

9.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

10.     This Action is properly maintained as a class action. The Class consists of:

•      All New Jersey consumers who were sent collection letters from Defendant MCM which sought to collect on a debt allegedly owned by MIDLAND FUNDING LLC, in which the original creditor was identified as Verizon New Jersey Inc., and which contained at least one of the alleged violations of 15 U.S.C. §1692 et. seq. herein.

• The Class period begins one year prior to the filing of this Action.

11.     The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA.

  b.  Whether the Defendant was seeking to collect on a time-barred debt;

  c.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  d.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and

appropriate statutory formula to be applied in determining such

damages and restitution; and

e.  Whether Plaintiff and the Class are entitled to declaratory

and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same
  operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the
  other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and
  has retained experienced and competent attorneys to represent the
  Class;

- A Class Action is superior to other methods for the fair and efficient
  adjudication of the claims herein asserted.  Plaintiff anticipates that no
  unusual difficulties are likely to be encountered in the management of
  this class action;

- A Class Action will permit large numbers of similarly situated persons
  to prosecute their common claims in a single forum simultaneously
  and without the duplication of effort and expense that numerous
  individual actions would engender. Class treatment will also permit the
  adjudication of relatively small claims by many Class members who
  could not otherwise afford to seek legal redress for the wrongs
  complained of herein.  Absent a Class Action, class members will
  continue to suffer losses of statutory protected rights as well as

5

monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

12.    Plaintiff was at all times with respect to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

13.    On or before February 24, 2016, Plaintiff allegedly incurred a debt ("the Debt") which was owed to Verizon New Jersey Inc. ("Verizon")

14.    The Debt arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, and were primarily for personal, family or household purposes.

15.    The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

16.    At some point in time prior to February 24, 2016, the Debt was assigned transferred, sold or assigned to directly or through one or more intermediaries to Midland Funding LLC ("Midland Funding").

17.    At some point prior to February 24, 2016, the Debt was assigned by Midland Funding LLC to MCM for purposes of collection.

18.     On or about February 24, 2016, Defendant sent a Plaintiff a letter ("The First Collection Letter") seeking to collect on behalf of Verizon a balance from Plaintiff in the amount of $156.04.  A copy of this Collection Letter is attached as Exhibit A.

19.     Also on or about February 24, 2016, Defendant sent Plaintiff a collection letter ("The Second Collection Letter) seeking to collect on behalf of Verizon a balance from Plaintiff in the amount of $223.32.  A copy of this Collection Letter is attached as Exhibit B.

20.     While the First Collection Letter and the Second Collection Letter (collectively "the Collection Letters") each have different Original Account Numbers and MCM Account Number, they are both based upon the same telephone number and thus, based upon information and belief, upon the same Debt.

21.     Each of the Collection Letters is a "communication" as defined by 15 U.S.C. §1692a(2).

22.     Upon receipt, Plaintiff read the Collection Letters.

23.     The Debt of Plaintiff was incurred for Verizon telephone services, which were for personal, family or household services.

24.     The difference in the amounts between the current balances due of the two collection letters is $67.28.

25.     Since both collection letters are for the same debt, the difference of $67.28 is for interest, fees, penalties or other charges.

26.     Defendant was not entitled under contract, statute or otherwise to collect such interest, fees, penalties or other charges included in the Current Balance of one or both of the Collection Letters.

27.     The First Collection Letter states:

- **Option 1: 40% Off**          You Pay Only
  Payment Due Date: 03-25-2016          **$93.62**

- **Option 2: 20% Off**          3 Monthly Payments of Only
  First Payment Due Date: 03-25-2016          **$41.61**

- **Option 3: Monthly Payments As Low As    $50 per month**
  Call today to discuss your options and get more details

28.     The Second  Collection Letter states:

- **Option 1: 40% Off**          You Pay Only
  Payment Due Date: 03-25-2016          **$133.93**

- **Option 2: 20% Off**          3 Monthly Payments of Only
  First Payment Due Date: 03-25-2016          **$59.52**

- **Option 3: Monthly Payments As Low As    $50 per month**
  Call today to discuss your options and get more details

29.     The applicable statute of limitations related to the Verizon obligation in either or both Collection Letters expired prior to February 24, 2016.

30.     Neither of the Collection Letters provides a notice that the Debt is time barred.

31.     Defendant's offer to settle the time-barred Debt without notification to Plaintiff that the debt is time barred would mislead or deceive the least sophisticated consumer into believing that the debt was legally enforceable.

32.     Additionally, the February 24, 2016 letter does not inform Plaintiff that should she choose to accept Option 3 and pay off the entire outstanding balance that the applicable statute of limitations could reset or begin anew.

8

33.     The February 24, 2016 letter does not inform Plaintiff that should the applicable statute of limitations reset or begin anew, MCM or a subsequent creditor may have the right commence legal action, which otherwise would have been barred.

34.     The February 24, 2016 letter does not clearly inform Plaintiff that the applicable statute of limitations has expired and therefore any potential liability related to the Verizon obligation has also already expired.

35.     The February 24, 2016 letter does not advise that MCM or a subsequent creditor could or would sue on a defaulted monthly payment option.

36.     The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations.  United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No.; 8:12-cv-182-T-27EAJ 9M.D.Fla).

**37.**     Additionally, noth The First and Second Collections letters also provide:

> "If you pay your full balance, we will report your account as **Paid in Full.** If you pay less than your full balance, we will report your account as **Paid in full for less than the full balance."**

> ("the Reporting Statement")

38.    The Reporting Statement is deceptive and misleading since the least sophisticated consumer would be lead to believe that unless she were to pay off the balance in full, there would be negative reporting consequences by paying off anything less than the full balance.

39.    However, based upon the age of the Debt and that the statute of limitations applicable to the Debt has already passed, the Debt is no longer reportable to the credit reporting agencies.

40.    Defendant regularly sent collection letters to New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

41.    Defendant regularly sent letters seeking to collect debts which were time-barred and that offered monthly payment plans.

42.    Defendant regularly sent letters seeking to collect debts, which were time-barred, that offered monthly payment plans, and did not inform the consumer that the applicable statute of limitations could reset or begin anew upon making the first payment or by entering into an agreement to repay the entire balance.

43.    Defendant regularly sent letters seeking to collect debts, which were time-barred, that offered monthly payment plans, and did not inform the consumer that the applicable statute of limitations could reset or begin anew, which could allow the current or subsequent creditor the option of commencing legal action, which otherwise would be barred by the applicable statute of limitations.

44.    Defendant regularly sent collection letters on time barred debt while failed to inform the consumer that the statute of limitation had passed and that the debt was not

legally enforceable.

45.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

46.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

47.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

48.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

49.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations, and the effect of making a payment on the debt, could reset the statute of limitations.

50.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

51.    Defendant's February 24, 2016 collection letter which provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

52.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

53.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

54.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

55.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

56.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

57.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

58.    The deceptive communications additionally violated the FDCPA since they frustrated Plaintiff's ability to intelligently choose his or her response.

### POLICIES AND PRACTICES COMPLAINED OF

59.    It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibits A and B**, which violate the FDCPA, by *inter alia*:

      (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) By making false representations of the character or legal status of a debt; and

(c) Using unfair or unconscionable means to collect or attempt to collect any debt.

60. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibits A and B to at least 30 natural persons in the State of New Jersey.

## **COUNT ONE**

### **(Fair Debt Collection Practices Act Violation)**

61. Plaintiff repeats the allegations contained in paragraphs 1 through 55 as if the same were set forth at length.

62. Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

63. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

64. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with an attempt to collect a debt from Plaintiff.

65. Defendant violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of a debt.

66.    Defendant violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

67.    Defendant violated 15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

68.    Defendant violated 15 U.S.C. 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

69.    Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

70.    Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

71.    Defendant violated 15 U.S.C. §1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

14

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:  February 24, 2017                    Respectfully submitted,


By: s/ Lawrence C. Hersh
     Lawrence C. Hersh, Esq.
     17 Sylvan Street, Suite 102B
     Rutherford, NJ  07070
     (201) 507-6300
     *Attorney for Plaintiff, and all others*
     *similarly situated*



## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: February 24, 2017                    By: s/ Lawrence C. Hersh
                                                 Lawrence C. Hersh, Esq.

EXHIBIT A

# mcm
**Midland Credit Management, Inc.**

2365 Northside Drive, Suite 300, San Diego, CA 92108

02-24-2016

001
P6T204  Eileen Greene
421 Coit St
Irvington, NJ  07111-4623



**Original Creditor**
VERIZON NEW JERSEY INC.

**Original Account Number**
9733712761

**MCM Account Number**

**Current Balance**
$156.04

**Current Owner**
MIDLAND FUNDING LLC

You are **pre-approved** for a 40% discount!
Call now: (800) 282-2644

## Choose The Option That Works For You.

RE: Verizon New Jersey Inc.

Dear Eileen,

Congratulations! You have been **pre-approved** for a discount program designed to save you money.  Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

**Option 1:  40% OFF**
Payment Due Date:  03-25-2016
You Pay Only
**$93.62**

**Option 2:  20% OFF**
First Payment Due Date:  03-25-2016
3 Monthly Payments of Only
**$41.61**

**Option 3:  Monthly Payments As Low As:**
**$50 per month†**
† Call today to discuss your options and get more details.

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

C. Weber, Division Manager

### Benefits of Paying!

➢ Save up to $62.41

➢ Offer Expiration date: 03-25-2016

➢ After receiving your final payment, we will consider the account paid.*

**CALL US TODAY!**
**(800) 282-2644**

*If you pay your full balance, we will report your account as **Paid in Full.** If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**

DOE

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

**Hours of Operation:**
M – Th: 5:00am – 9:00pm PST
Fri:   5:00am – 4:30pm PST
Sat:  5:00am – 4:30pm PST
Sun:  5:00am – 9:00pm PST


**Call:**
(800) 282-2644


**Click:**
www.midlandcreditonline.com

**Mail:**
Payment coupon below

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

## PAYMENT COUPON

MCM Account No.:
Original Account No.:  9733712761
Current Balance:  $156.04

**Payment Due Date: 03-25-2016**

**Payment Options:**
1)  Mail in this coupon with your payment
2)  Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

EXHIBIT B



**Midland Credit Management, Inc.**

2365 Northside Drive, Suite 300, San Diego, CA 92108

02-24-2016

001
P6T204 Eileen Greene

██████████████████

|ₗ|ˡ|ˡ|ₗ|ˡₗ|ₗₚₗ|ₗₗ|ˡ|ₗₕ|ₚₚₗ|ˡ|ₚₚ|ˡₗ|ₗ||ˡ|||ˡₗ|ₗ|ₚₗₚₗ|



| Original Creditor |
|---|
| **VERIZON NEW JERSEY INC.** |
| **Original Account Number** |
| 9733712761█ |
| **MCM Account Number** |
| ████████ |
| **Current Balance** |
| **$223.22** |
| **Current Owner** |
| **MIDLAND FUNDING LLC** |

You are **pre-approved** for a 40% discount!
Call now: (800) 282-2644

## Choose The Option That Works For You.

### Benefits of Paying!

RE: Verizon New Jersey Inc.

Dear Eileen,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

**Option 1: 40% OFF**
Payment Due Date: 03-25-2016
You Pay Only
**$133.93**

**Option 2: 20% OFF**
First Payment Due Date: 03-25-2016
3 Monthly Payments of Only
**$59.52**

**Option 3: Monthly Payments As Low As:** **$50 per month†**
† Call today to discuss your options and get more details.

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

C. Weber, Division Manager

➢ Save up to $89.28

➢ Offer Expiration date: 03-25-2016

➢ After receiving your final payment, we will consider the account paid.*

**CALL US TODAY!**
**(800) 282-2644**

*If you pay your full balance, we will report your account as **Paid in Full.** If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

Hours of Operation:
M – Th: 5:00am – 9:00pm PST
Fri: 5:00am – 4:30pm PST
Sat: 5:00am – 4:30pm PST
Sun: 5:00am – 9:00pm PST

 **Call:**
(800) 282-2644

 **Click:**
www.midlandcreditonline.com

 **Mail:**
Payment coupon below

✂ **PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

## PAYMENT COUPON

MCM Account No.: ████████
Original Account No.: 9733712761█
Current Balance: $223.22

**Payment Due Date: 03-25-2016**

**Payment Options:**
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.