NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN GREENE, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Civil Action No. 17-1322 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Midland Credit Management, Inc.'s Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. (ECF No. 28). Plaintiff Eileen Greene filed opposition, and Defendant replied thereto. (ECF Nos. 36, 41). Pursuant to an Order issued by this Court, the parties submitted additional briefing in connection with the relationship between this matter and a recent decision by the Third Circuit, discussed in more detail herein. (ECF Nos. 42–46). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendant's Motion for Summary Judgment.

### I.     BACKGROUND[1]

In 2010, Plaintiff had an account with Verizon New Jersey, Inc. ("Verizon") for (i) basic telephone services such as local calling ("Basic Services") and (ii) non-basic telephone services

---

[1] This background is taken from the parties' statements of material facts, pursuant to Local Civil Rule 56.1. (ECF No. 30, Defendant's Statement of Material Facts ("Def.'s SMF"); ECF No. 36-2, Plaintiff's Response to Defendant's Statement of Material Facts). To the extent that Plaintiff admits to any material facts as stated by Defendant, the Court shall cite to "Def.'s SMF" and the relevant paragraph number.

such as Caller ID and regional and long distance calling ("Non-Basic Services"). (Def.'s SMF ¶¶ 1–2). Charges for the Basic and Non-Basic Services were grouped separately. (Def.'s SMF ¶ 3). After making a payment toward the August 28, 2010 billing statement balance on October 14, 2010, Plaintiff failed to make any further payments on her account. (Def.'s SMF ¶ 4). On January 18, 2011, Verizon transferred the balance of Non-Basic Services into a separate account ("the Non-Basic Services Account"), and continued to bill Plaintiff's original account predominately for the Basic Services and related outstanding balance ("the Basic Services Account").[2] (Def.'s SMF ¶¶ 5–6).

Defendant is a servicer for Midland Funding LLC, who, on March 25, 2012, "purchased a portfolio of charged-off debts from Verizon that included both" of Plaintiff's accounts. (Def.'s SMF ¶¶ 7, 10–11). The Basic Services Account had an outstanding balance of $156.04, and the Non-Basic Services Account had an outstanding balance of $223.22. (Def.'s SMF ¶ 9). On February 24, 2016, Defendant sent two letters to Plaintiff, one offering to resolve the amount due on the Basic Services Account and another offering to resolve the amount due on the Non-Basic Services Account. (Def.'s SMF ¶¶ 12, 18). The letters were nearly identical, and each offered to resolve the respective account balance for an amount less than the balance owed. (Def.'s SMF ¶¶ 13, 19). Specifically, both letters stated the following:

> Congratulations! You have been pre-approved for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you . . . .
>
> If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.
>
> . . .

---

[2] Plaintiff claims that some of the charges in the Basic Services Account, though admittedly small, were for Non-Basic Services. (ECF No. 36-2 ¶ 6).

> *If you pay your full balance, we will report your account as Paid in Full. If you pay less than your full balance, we will report your account as Paid in Full for less than the full balance.
>
> We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

(ECF No. 1 ("Compl.") at 17, 19 (formatting omitted)).

On February 24, 2017, Plaintiff filed a putative class-action Complaint with this Court alleging a single cause of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Def.'s SMF ¶ 25; Compl. ¶¶ 61–71). Specifically, Plaintiff's FDCPA claim related to two separate allegations. First, Plaintiff alleged that Defendant's action of sending two letters supposedly for the same debt was a communication under 15 U.S.C. § 1692a(2), and an improper attempt to collect interest Defendant was not entitled to. (Compl. ¶¶ 20–26). Second, Plaintiff alleged that the applicable statute of limitations for the two debts had expired prior to the date that the letters were sent. (Compl. ¶ 29). According to Plaintiff, it was misleading for Defendant to offer to settle the time-barred debts without informing Plaintiff that: (i) the debt was time-barred; (ii) the debt is no longer reportable to a credit agency; and (iii) the statute of limitations would reset if she chose to pay off the entire outstanding balance. (Compl. ¶¶ 30–39). On June 18, 2018, the Hon. Joseph A. Dickson, U.S.M.J., granted Defendant permission to file this motion for summary judgment and stayed class discovery. (Def.'s SMF ¶ 28; *see also* ECF No. 27).

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists "no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby,*

3

*Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### III. ANALYSIS

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When Congress passed the legislation in 1977, it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 148 (3d Cir. 2013). Accordingly, the Court must "analyze the communication giving rise to the FDCPA claim 'from the perspective of the least sophisticated debtor.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). Furthermore, "[t]he FDCPA is a strict liability statute to the extent it imposes liability

without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

To prevail on a claim under the FDCPA, "a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted). At issue here is the fourth prong, *i.e.*, whether Defendant violated a provision of the FDCPA in attempting to collect the debt. Specifically, Defendant allegedly violated the FDCPA in two ways: (i) Defendant sent multiple letters to collect the same debt and improperly charged interest; and (ii) Defendant misrepresented the legal status of the debt by failing to disclose that the statute of limitations has passed. (*See generally* Compl.). There is the additional issue of whether the Third Circuit's recent opinion in *Schultz v. Midland Credit Mgmt., Inc.*, 905 F.3d 159, 160 (3rd Cir. 2018), applies to this case, which the parties were given the opportunity to brief for this Court, (*see* ECF Nos. 43–46). The Court addresses each of these issues in turn and finds that Defendant is entitled to summary judgment.

### A. Defendant Sending Two Letters

As an initial matter, Plaintiff concedes that she uncovered through discovery that the two debt collection letters were for *separate* accounts and debts, and therefore voluntarily withdraws her first argument. (ECF No. 36 at 1 n.1). Accordingly, the Court shall grant summary judgment for Defendant on Plaintiff's FDCPA claim to the extent that it pertains to Defendant allegedly sending two letters for the same account and improperly charging Plaintiff interest fees.

## B. Statute of Limitations

Plaintiff claims that Defendant violated the FDCPA, specifically 15 U.S.C. § 1692e, by sending the two debt collection letters without informing Plaintiff that the debts were time-barred and no longer actionable. (Compl. ¶¶ 29–30). Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including: (i) falsely representing "the character, amount, or legal status of any debt," *id.* § 1692e(2)(A); (ii) "threat[ening] to take any action that cannot legally be taken," *id.* § 1692e(5); or (iii) "us[ing] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10). The statute of limitations for the collection of debts under New Jersey law is six years. N.J.S.A. 2A:14-1; *see also Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 31 n.2 (3d Cir. 2011) (applying New Jersey's six year statute of limitations to an FDCPA case where the debt was incurred in New Jersey and the case was brought in New Jersey).

Here, Plaintiff's payments for the accounts were due on or around October 25, 2010, and the letters were sent on February 24, 2016. (Def.'s SMF ¶¶ 4, 12, 18; *see also* ECF No. 36 at 15 (conceding same)). Plaintiff seems to concede that, under New Jersey's statute of limitations, the debts had not expired at the time the letters were sent. (ECF No. 36 at 1). Instead, Plaintiff argues that the statute of limitations for at least part of the Non-Basic Services Account is less than New Jersey's six year statute of limitations. (*Id.* at 1–2). Specifically, Plaintiff claims that charges for long distance calling and federal service fees in the Non-Basic Services Agreement are governed by a two-year statute of limitations period, pursuant to the Federal Communications Act, 47 U.S.C. § 415(a) ("FCA"). (*Id.* at 4–11). Plaintiff also claims that the broadband internet services in the

Non-Basic Services Agreement were provided pursuant to a separate Verizon contract, which was explicitly governed by Virginia law and Virginia's five year statute of limitations. (*Id.* at 11–15).

The Court is not persuaded that the statutes of limitations proposed by Plaintiff apply in this case. First, as Defendant correctly points out, the two-year statute of limitations in the FCA only applies to rates that are tariffed by the Federal Communications Commission, and the agreements at issue here are not tariffed. (ECF No. 41 at 11–13). As for Plaintiff's second argument, the Verizon contract states that the *substantive* law of Virginia applies, (ECF No. 36-1 at Ex. G, § 15.4), not its laws of procedure or statute of limitations, which are governed by the forum state, *i.e.*, New Jersey. *See Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir. 1992) ("choice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express.").[3] Accordingly, the Court concludes that both service agreements are governed by New Jersey's six year statute of limitations, and, because the letters were sent within that six year statute of limitations period, a reasonable juror could not conclude that the debts were time-barred or that Defendant violated the FDCPA on this issue.

### C. Application of *Schultz*

Pursuant to this Court's Text Order, the parties also briefed the issue of whether or not the Third Circuit's recent decision in *Schultz*, 905 F.3d at 164, applies to this case. In *Schultz*, the Schultzes received a letter which included the following language: "We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case" ("IRS Language"). 905 F.3d at 161. The Third

---

[3] Plaintiff argues that *Gluck* is factually distinguishable because, unlike the contract in that case, the Verizon contract requires the same state venue and choice of law. (ECF No. 36 at 15). The Court rejects this argument, as it fails to consider that the Third Circuit in *Gluck* was discussing a broader legal principle that applies outside the facts of that case. *See Miller v. Butler*, Civ. No. 12-1004, 2014 U.S. Dist. LEXIS 5094, at *9 (D.N.J. Jan. 15, 2014) (stating in an unrelated case that "[c]hoice-of-law clauses relate to substantive law, and thus do not incorporate a statute of limitations, which is procedural.") (citing *Kramer v. Ciba-Geigy Corp.*, 371 N.J. Super. 580, 601 (App. Div. 2004); *Gatto v. Meridian Med. Assocs., Inc.*, Civ. No. 87-5076, 1989 U.S. Dist. LEXIS 1672, at *11 (D.N.J. Feb. 9, 1989)).

Circuit determined that said IRS Language could be construed as being misleading, because the Schultzes' debt was for less than $600 and therefore would not be reported under IRS regulations. *Id.* at 165.

Here, Plaintiff argues that the *Schultz* decision is directly on point with this case, and that Defendant's motion for summary judgment should be denied, because: (i) Plaintiff's debts were for an amount less than $600; and (ii) Defendant's letters included the IRS Language from *Schultz*. (ECF No. 44 at 1–2). Plaintiff further contends that she should be given the opportunity to amend her complaint even though the January 31, 2018 deadline to do so has passed, because amending the complaint would not require new legal claims but merely the incorporation of "additional facts." (*Id.* at 2–3).

Despite the sufficient opportunity this Court provided to the parties to address the issue,[4] Plaintiff has not persuaded the Court that *Schultz* relates to this case or that granting Plaintiff permission to amend her complaint is warranted. As Defendant correctly points out, Plaintiff never raised or asserted any claims related to the IRS Language during the course of these proceedings. (*See generally* Compl.). Instead, Plaintiff's allegations only relate to two claims: (i) Defendant sending two letters that requested improper interest fees; and (ii) Defendant's failure to inform Plaintiff about the statute of limitations. (See Compl. ¶¶ 20–39). Even if the IRS Language implicated the same provisions of the FDCPA presently before the Court, a claim alleging same would raise wholly separate facts and arguments connected to the IRS Language as to not relate back to the original claims. *See Smith v. Rubin & Raine of N.J.,* No. 08-5724, 2009 WL 2143644, at *2 (D.N.J. Jul. 14, 2009) ("an amendment does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set

---

[4] In fact, both parties submitted additional briefing not requested by the Court, which was nevertheless taken into consideration. (*See* ECF Nos. 45, 46).

8

forth.") (citations and quotations omitted). Furthermore, a new FDCPA claim related to the IRS Language would be time-barred, considering that the FDCPA is governed by a one year statute of limitations, *see* 15 U.S.C. § 1692k(d), and the letters were sent in February 2016. Accordingly, the Court concludes that any claim related to the IRS Language is not presently before this Court, and that the Third Circuit's decision in *Schultz* does not prevent Defendant from being entitled to summary judgment.

## IV. **CONCLUSION**

For the aforementioned reasons, the Court hereby grants Defendant's Motion for Summary Judgment, and shall enter judgment for Defendant and against Plaintiff. An appropriate Order follows this Opinion.

Dated: January 3rd, 2019

_____
**JOSE L. LINARES**
Chief Judge, United States District Court
